**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GAELEN EDWARD SMILEY,

                        Plaintiff,

            - v -                               Civ. No. 1:14-CV-641
                                                           (GTS/RFT)

GOLUB CORPORATION,

                        Defendant.

**APPEARANCES:**                              **OF COUNSEL:**

GAELEN EDWARD SMILEY
Plaintiff, *Pro Se*
29 Clifford Road
Menands, New York 12204

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Edward Smiley, along with an Application to Proceed *in Forma Pauperis* ("IFP"). Dkt. Nos. 1, Compl., & 2, IFP Mot. By his Complaint, Plaintiff alleges that the Defendant Golub Corporation violated his rights pursuant to Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983.

### I. DISCUSSION

#### A. *In Forma Pauperis* Application

      Turning first to Plaintiff's Motion to Proceed with this Action IFP, after reviewing the entire file, the Court finds that Plaintiff meets the requirement for economic need and thus may properly

proceed with this matter IFP.

## B. Rules Governing Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Furthermore, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier

> pleading. If doing so would promote clarity, each claim founded on a separate
> transaction or occurrence – and each defense other than a denial – must be stated in
> a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks and citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### C. Review of Plaintiff's Complaint

In drafting his *pro se* pleading, Plaintiff utilized the *pro forma* complaint provided by this District to litigants who seek to vindicate rights guaranteed to them by Title VII.[1] Intermeshed in

---

[1] The Court notes that although Smiley used the *pro forma* Title VII complaint, he also indicates, in the "CAUSES OF ACTION" section, that he brings this lawsuit pursuant to 42 U.S.C. § 1983.

this *pro forma* Complaint are approximately four typed pages setting forth the facts of Plaintiff's claim for relief. The Court notes that this four-paged typed narrative is not broken into separately numbered paragraphs.[2]

Plaintiff asserts that the Defendant discriminated against him because of his race or color and that the conduct complained of involved termination of employment, unequal terms and conditions of employment, and retaliation.[3] Compl. at p. 2. While not a model of clarity, the Court is able to glean the primary facts and, in accordance with the standard set forth above, the Court reiterates the salient facts supporting this discrimination action.

On July 29, 2003, Plaintiff was terminated from his employment by a supervisor, Mr. Claude Sawyer. *Id.* at p. 3. It appears that at that time, Plaintiff was employed by Defendant Golub Corporation, however, it is not clear what position Plaintiff held. On that date, Plaintiff was advised that his termination was due to a violation of the time and attendance policy. *Id.* However, Plaintiff suspected that this was not true as the absences at issue occurred five months prior and he had provided "legitimate doctors notes for the days in question and was allowed to return back to work without incident."[4] *Id.* When Plaintiff questioned Mr. Sawyer about the reason for his termination, he was told that there was a problem with the disability claim he had filed for the dates in question

---

[2] Because Plaintiff's Complaint contains a *pro forma* section with pre-numbered paragraphs as well as four typed pages of non-numbered paragraphs, when citing to the Complaint, the Court will utilize the page numbers automatically assigned by this District's Case Management Electronic Case Files System ("CM/ECF").

[3] Plaintiff never indicates his race or color.

[4] Plaintiff elaborates that "[t]here were other incidents previous to [him] getting fired as well" such as in 2000 when "there was a vote to take place for a union (UFCW) . . . . to determine whether or not [the employees] would vote the union in." Compl. at p. 5. Prior to the union vote, "management" wanted to meet with Plaintiff because of his apparent "influence" with the Black and Hispanic employees, but he declined because he felt that they were trying to "buy votes." *Id.* at pp. 5-6. Prior to the vote, Plaintiff was given the full-time employment status he had been coveting, however, after the vote, he was restored to part-time status. *Id.* at p. 6.

and that the doctors' notes were not in his file.[5]

Almost one year later, on June 14, 2004, Plaintiff filed a formal complaint with the New York State Division of Human Rights and a hearing was held on March 25, 2005. Compl. at p. 4. Although the hearing officer appeared to question the legality of Golub's attendance policy, a decision was rendered on April 28, 2005, finding no wrongdoing on Golub's behalf. *Id*. at pp. 4 & 8. Plaintiff did not appeal because he was "told" that if he lost, "it would take away [his] right to pursue further action." *Id*. at p. 4.[6]

On September 16, 2005, Plaintiff sent Golub a letter inquiring about his job, but Golub "never offered [him his] job back [n]or any compensation for [his] wrongful termination." *Id*. at p. 5. Plaintiff believes he was "targeted because [he] was vocal about what [he] believed was unfair treatment of minorities and a constant violation of seniority." *Id*. at p. 7.

Attached to the Complaint is a Notice of Right to Sue letter, dated February 26, 2014, from the Equal Employment Opportunity Commission ("EEOC"), which Plaintiff states he received on March 3, 2014. *Id*. at pp. 8 & 10. Plaintiff filed this action on May 30, 2014, seeking back wages and punitive damages.

Title VII precludes certain employment practices that discriminate against employees on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). However, in order to claim a violation of Title VII, a complaint must be filed with the EEOC within 300 days of the

---

[5] It is not clear why Plaintiff sought disability. Plaintiff states that the disability claim was later resolved at an unspecified date simply by having his doctor sign the proper forms. Compl. at pp. 4-5. Thereafter, Plaintiff received notice from the State of New York's Workers' Compensation Board that a hearing would be held on June 10, 2005. However, Golub declined to appear at the hearing and informed the assigned judge that it no longer objected to the claim. *Id*. at p. 5.

[6] Plaintiff does not state who provided him with this advice.

alleged discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1); *Flaherty v. Metromail Corp.*, 235 F.3d 133, 136 n.1 (2d Cir. 2000). The 300-day period effectively acts as a statute of limitations. *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998). *See Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325-28 (2d Cir. 1999) (noting that the filing deadline of 180 days is extended to 300 days where the alleged discrimination occurs in a state with it own anti-discrimination laws and enforcement agency, regardless of whether the charge is initially filed with the state).

Here, the alleged discriminatory act occurred on July 29, 2003, the day Plaintiff was notified of his termination.[7] This event occurred more than ten years prior to the issuance of the EEOC Right to Sue Notice, which is dated February 26, 2014. It is not entirely clear to this Court what Plaintiff substantively included in his charge of discrimination to the EEOC nor when he filed such charge. Notably, in ruling on Plaintiff's claim, the EEOC did not select the pre-typed reason which states: "Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charges." Compl. at p. 10. Instead, the EEOC indicated the following reason for closing its file:

> Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

*Id*.

---

[7] It has long been held that "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002), *superceded in part by statute*, Lilly Ledbetter Fair Pay Act, Pub. L. No. 111-2, 123 Stat. 5 (2009). With regard to termination of employment, the accrual date is the date upon which the employee is made aware of the discriminatory conduct, which is usually the date he is advised of the termination. *See*, *e.g., Flaherty v. Metromail Corp*. 235 F.3d 133, 137 (2000) (citing cases). In this case, there is little ambiguity as to the date upon which Smiley learned of his termination. In this regard, and in light of the fact that Plaintiff is claiming that the discriminatory act was his termination, this case is unaffected by the recent changes in the law resulting from the Lilly Ledbetter Fair Pay Act, which alters the accrual date for individuals claiming unequal pay. *See* 42 U.S.C. § 2000e-5(e)(3)(A).

While it is not known when Plaintiff filed a claim with the EEOC, it is the Court's experience that the EEOC does not normally take a decade to decide a claim of discrimination. In fact, the statute authorizing the filing of a claim with and investigation by the EEOC sets forth a rather expeditious time-table for the EEOC to act in terms of notifying the employer of the discrimination charge (within <u>ten</u> days of the employee's filing of a charge of discrimination), and notifying the parties if it determines after investigation "that there is not reasonable cause to believe that the charge is true" in which case it "shall dismiss the charge and <u>promptly</u> notify the person claiming to be aggrieved and the respondent of its action." 42 U.S.C. § 2000e-5(b) (emphasis added).

And, while the Court does not understand why in 2014 the EEOC did not reject Plaintiff's claim of discrimination from 2003 as untimely, to the extent that Plaintiff brings forth his claim of discrimination to this Court based upon facts indicating that his allegedly discriminatory termination of employment occurred in 2003, this Court finds that such claim of discrimination is patently barred and the Court cannot fathom any applicable tolling provision that would enable Plaintiff to bring an action for discrimination a decade after the discrimination allegedly took place. By way of example, in the case of equitable tolling, "the statute [of limitations would] not begin to run until the plaintiff either acquires actual knowledge of the facts that comprise his cause of action or should have acquired such knowledge through the exercise of reasonable diligence" such as in the case where a defendant fraudulently conceals the wrong. *Jennings v. Mun. of Suffolk Cnty.*, 2013 WL 587892, at \*5 (E.D.N.Y. Feb. 13, 2013) (citing cases). Here, there is nothing set forth in the facts presented by Plaintiff that would lead this Court to believe that he was unaware of the alleged discriminatory act on the very date that he was advised of his termination. And even if the Court liberally construed

the facts of the Complaint to raise some claim of fraud, such as some unknown person advising him not to appeal the decision rendered by the New York Division of Human Rights (*see supra* note 6), he nevertheless knew at a reasonable time following his September 16, 2005 Letter to Golub, wherein he inquired about his job, that he was not being offered his job back. Yet, even if the Court were to liberally construe the failure to rehire him as a separate discrete act of discrimination, and the Court is by no means prepared to make such a construction, Plaintiff's claim of discrimination would still be untimely. Indeed, we are guided by the notion that "[e]quitable tolling is not to be applied liberally . . . rather, it 'applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances.'" *Id.* (quoting *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004)) (further quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. at 113, for the proposition that the equitable tolling doctrine is "to be applied sparingly"). Here, whether we find that Plaintiff alleges a discriminatory act in 2003 or 2005, we have no indication of Plaintiff's diligence in pursuing his claim(s) for discrimination. Thus, based upon the facts presented in the Complaint upon which Plaintiff asks the Court to consider a claim for discrimination, the Court finds that such claim is not timely and should therefore be **dismissed**.[8]

The Court further notes that Plaintiff possibly seeks vindication of rights guaranteed by 42 U.S.C. § 1983. Compl. at p. 7. By this statute, Congress "establishe[d] a cause of action for 'the

---

[8] Although the statute of limitations is an affirmative defense to be raised by a defendant, the Second Circuit has held that, for purposes of an initial review under 28 U.S.C. § 1915, a court may find that a complaint is based on an indisputably meritless legal theory if an affirmative defense, such as the statute of limitations, "appears on the face of the complaint," and my validly raise such a claim *sua sponte*. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995). The Court notes, as set forth below, that Plaintiff will have an opportunity to present any objections he has to this Court's recommendations to the assigned District Judge. Plaintiff may, if he wishes, take such opportunity to explain why he may be entitled to equitable tolling.

deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). It is well-settled that parties may not be held liable under section 1983 unless it can be established that they have acted under the color of state law. *See*, *e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted).

Critically absent from Plaintiff's pleading is any allegation of a nexus between the named Defendant and the State. Instead, it appears that Plaintiff was employed by a private company and his factual basis for this action is bereft of any connection between the Defendant and the State. Thus, regardless of Plaintiff's claims of discrimination, Plaintiff cannot proceed on a theory of liability under 42 U.S.C. § 1983 and such claim should be dismissed as well.

## II. CONCLUSION

In light of his *pro se* status, we would normally recommend that Plaintiff be provided an opportunity to amend his pleading to conform to the Federal Rules of Civil Procedure and fix any legal deficiencies identified by the Court. However, as the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.

1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that denial of leave to amend not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

In light of the above discussion, the Court finds that no amendment could cure the deficiencies identified herein.

**WHEREFORE**, for the reasons stated above, it is hereby

**ORDERED**, that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. No. 2) is **GRANTED**; and it is hereby

**RECOMMENDED**, that the entire Complaint be **dismissed**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: January 13, 2015
       Albany, New York

                                        /s/ Randolph F. Treece
                                        Randolph F. Treece
                                        U.S. Magistrate Judge